Alfred Lee STONE, Plaintiff–Appellant,

v.

William T. JONES, Correctional Officer III; James Bell, Warden Eastham Unit; Floyd Hicks, Grievance Investigator Eastham Unit; T.E. Goodin, Grievance Investigator Eastham Unit; James A. Smith, Medical Doctor Eastham Unit; Texas University Medical Branch; James Kitchen, Sergeant Eastham Unit; Jimmy K. Garvin, Sergeant Eastham Unit; Unknown John Does, Eastham Unit; Gregory H. Oliver, Warden II Eastham Unit; Tovt P.

---

Butchen; Steve Furr, Captain East-
ham Unit; James J. English, Lieuten-
ant Eastham Unit; Debbie K. Erwin,
Warden III Eastham Unit, Defen-
dants–Appellees.

No. 11–40968
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Jan. 31, 2012.

Alfred Lee Stone, Lovelady, TX, pro se.

Before DAVIS, SMITH, and PRADO,
Circuit Judges.

PER CURIAM: *

Alfred Stone, Texas prisoner # 599665,
moves for leave to proceed *in forma pau-
peris* ("IFP") on appeal of the dismissal of
his action pursuant to 28 U.S.C. § 1915(g),
with prejudice as to the filing of an IFP
complaint but without prejudice as to the
filing of a paid complaint. Stone cannot
proceed IFP in any civil action or appeal
"unless [he] is under imminent danger of
serious physical injury." § 1915(g). He
argues that his claim presents imminent
danger of serious physical injury because a
foreign substance was placed in his food,
making him sick for several weeks and
leaving him feeling cramped and achy.

The determination whether a prisoner is
under "imminent danger" must be made at
the time he seeks to sue in district court,
when he files his notice of appeal, or when
he moves for IFP status. *Banos v.
O'Guin,* 144 F.3d 883, 884–85 (5th Cir.

1998). Thus, in this case, we analyze
whether Stone was under imminent dan-
ger when he filed his appellate IFP mo-
tion. *See id.*

Stone's appellate pleadings suggest that
he believes he was poisoned and that he
may be suffering pain as a result. He
uses the past tense when describing the
sickness, cramping, and aching caused by
the foreign substance in his food except
when he says that he cannot tell whether
his stomach, lungs, or kidneys are experi-
encing discomfort. It is not evident
whether he is alleging that his discomfort
occurred in the past or whether he might
be experiencing residual effects from the
alleged poisoning episode, which occurred
several months ago.

Moreover, Stone does not allege that he
has been poisoned since then; his claim of
imminent danger thus is premised on al-
legedly inadequate medical care. Because
there are no medical records or grievances
in the record to corroborate his allega-
tions, he has failed to demonstrate that he
was under imminent danger of serious
physical injury when he filed his appellate
IFP motion. *See id.* at 884–85.

The motion for leave to proceed IFP is
DENIED, and the appeal is DISMISSED.
The appeal may be reinstated if Stone
pays the appeal fees within thirty days of
this dismissal.

---

* Pursuant to 5TH CIR. R. 47.5, the court has
determined that this opinion should not be
published and is not precedent except under

the limited circumstances set forth in 5TH CIR.
R. 47.5.4.